UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT FRANCIS MURPHY,

    Defendant.
_____/

Case No. 2:20-cr-13

HON. JANET T. NEFF

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release (ECF No. 40) and Motion to Appoint Counsel (ECF No. 41). The government filed a response in opposition (ECF No. 43). For the reasons stated below, the Court denies Defendant's motions.

In September 2020, Defendant pleaded guilty to attempted possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(viii). On January 15, 2021, this Court sentenced Defendant to 60 months of imprisonment. Defendant's estimated release date is April 20, 2024. Defendant now moves for compassionate release based on (1) the COVID-19 pandemic, (2) his ongoing medical conditions, (3) his age, and (4) the fact that he has not be able to enroll in the Residential Drug Abuse Program (RDAP).

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is entered. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce sentences or obtain compassionate release under certain circumstances. If the defendant has exhausted his

administrative remedies, the Court applies a three-step test. At step one, the Court must determine "whether 'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). At step two, the Court must evaluate whether a sentence reduction is consistent with any applicable policy statement of the Sentencing Commission. *Id.* at 1108. The Sixth Circuit, however, has held that U.S.S.G. 1B1.13 is not a policy statement that limits the Court's consideration of a compassionate release motion. *Id.* Therefore, the Court need not analyze a defendant's request for consistency with U.S.S.G. 1B1.13. At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). The Sixth Circuit has clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Court determines that Defendant's motion does not contain an extraordinary and compelling reason that justifies compassionate release. The pandemic itself is not considered an extraordinary and compelling reason "absent extenuating circumstances." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022). Defendant has not shown any extenuating circumstances because there is no evidence that he suffers any unusual medical risk or vulnerability to the virus. Defendant previously contracted the virus. He has been vaccinated and has received one booster shot (ECF No. 48 at PageID.240). Although Defendant is pre-diabetic, has bone spurs in his feet, has hypothyroidism, and needs dentures, the Court is not persuaded that these medical conditions rise to the level of an extraordinary and compelling reason. Similarly, the Court finds

that Defendant's age of 59-years-old and his apparent inability to enroll in RDAP—either alone or in combination with the other factors—do not amount to extraordinary and compelling reason. Because Defendant has not shown an extraordinary and compelling reason to justify a sentence reduction, his compassionate release motion must be denied.

The Court must also address Defendant's request for the appointment of counsel. The Supreme Court has held that there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court may, however, "appoint counsel if the interests of justice so require." *United States v. Oliver,* No. 3:17-CR-41-3, 2020 WL 2310391 at *3 (E.D. Tenn. May 8, 2020). In the instant case, the Court finds that appointment of counsel is not necessary. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 40) and Motion to Appoint Counsel (ECF No. 41) are DENIED.

Dated: April 13, 2023

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Janet T. Neff
　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge